Guillermo A. Escobedo (SBN 206198)
guillermo.escobedo@jacksonlewis.com
Clarisse C. Petersen (SBN 260806)
Clarisse.Petersen@jacksonlewis.com
Raina Sharma (SBN 334237)
Raina.Sharma@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA  92618
Tel: (949) 885-1360
Fax: (949) 885-1380

Attorneys for Defendants WAL-MART ASSOCIATES, INC. and WALMART INC. (erroneously sued as WALMART, INC.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ALBORNOZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**DEFENDANTS WAL-MART ASSOCIATES, INC. AND WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(B), AND 1446**<br><br>Complaint Filed:   August 2, 2022<br>FAC Filed:            August 23, 2022 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF JESSICA ALBORNOZ, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants WAL-MART ASSOCIATES, INC. and Defendant WALMART INC. (erroneously sued as WALMART, INC.) (collectively

"Defendants") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332, 1441(b), and 1446 to remove this action from the Superior Court of California for the County of Kern on the grounds of diversity of citizenship. In support thereof, Defendants assert the following:

## I. DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This Court has jurisdiction over this action because complete diversity exists between Plaintiff JESSICA E. ALBORNOZ ("Plaintiff") and Defendants.

3. Plaintiff is a citizen of the State of California and was a citizen at the time of the filing of her Complaint. A true and correct copy of the Summons, Complaint, and First Amended Complaint, along with Civil Case Cover Sheet, Notice of Assignment to Judge for All Purposes, Notice of Order to Show Cause, Notice of Case Management Conference, Notice of Filing Discrimination Complaint before the California Department of Fair Employment and Housing, and Notice of Case Closure and Right to Sue are collectively attached hereto as Exhibit A to the Declaration of Clarisse C. Petersen ("Petersen Decl.") filed concurrently herewith. (Petersen Decl., ¶ 2, Exh. A.)

4. Defendant WAL-MART ASSOCIATES, INC. is now, and was at the time this action commenced, a citizen of the State of Delaware and a citizen of the State of Arkansas within the meaning of 28 U.S.C. section 1332. At all material times, WAL-MART ASSOCIATES, INC. was a corporation organized under the laws of the State of Delaware, and at all material times WAL-MART ASSOCIATES, INC. has maintained its principal place of business, including its corporate headquarters, in the State of Arkansas. (*Id.* at ¶ 6, Exh. B.)

5. Defendant WALMART INC. is now, and was at the time this action commenced, a citizen of the State of Delaware and a citizen of the State of Arkansas within

the meaning of 28 U.S.C. section 1332. At all material times, WALMART INC. was a corporation organized under the laws of the State of Delaware, and at all material times WALMART INC. has maintained its principal place of business, including its corporate headquarters, in the State of Arkansas. (*Id.* at ¶ 6, Exh. B.)

6. Plaintiff's Complaint contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs. (Petersen Decl., ¶ 2, Exh. A, Prayer for Relief.)

## II. TIMELINESS OF REMOVAL

7. On or about August 2, 2022, Plaintiff filed an action against Defendants titled "JESSICA E. ALBORNOZ, an individual, Plaintiff v. WAL-MART ASSOCIATES, INC., WALMART, INC. and DOES 1-50, inclusive, Defendants," in the Superior Court of the State of California, County of Kern, Case No. BCV-22-101948 (the "State Court Action"). (Petersen Decl., ¶ 2, Exh. A.) On or about August 23, 2022, Plaintiff filed her First Amended Complaint ("FAC") for the same State Court Action, adding two more causes of action. (*Id.*)

8. On August 26, 2022, Plaintiff served the FAC on Defendants. (*Id.* at ¶ 4.)

9. As of the date of this Notice of Removal, the Summons, Complaint, First Amended Complaint, Civil Case Cover Sheet, Notice of Assignment to Judge for All Purposes, Notice of Order to Show Cause, Notice of Case Management Conference, Notice of Filing Discrimination Complaint before the California Department of Fair Employment and Housing, and Notice of Case Closure and Right to Sue constitute the pleadings, process, and orders served upon Defendants in the State Court Action. No further proceedings have been had in the state court as of the date of this Notice of Removal. (*Id.* at ¶ 5.)

10. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of service of the FAC upon Defendants in which diversity of citizenship is apparent.

///

## III. REMOVAL BASED ON DIVERSITY JURISDICTION

11. The FAC and all causes of action alleged therein may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANTS

12. Plaintiff is now, and at the time this action commenced, a citizen of the State of California within the meaning of U.S.C. section 1332(a). Plaintiff's residence and domicile are, and were, located within the State of California. (Petersen Decl., ¶ 3); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain . . .").

13. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

14. Defendants are now, and were at all material times, corporations organized under the laws of the State of Delaware. Defendants are thus citizens of the State of Delaware. (Petersen Decl., ¶ 6.)

15. Defendants are now, and were at all material times, headquartered in Bentonville, Arkansas. (*Id.*) Defendants' officers and directors are employees whose offices are located at Defendants' headquarters in Bentonville, Arkansas. (*Id.*) Defendants perform the vast majority of their executive and administrative functions, including coordinating services and overall business operations, at their headquarters in Bentonville, Arkansas. Defendants are hence citizens of the State of Arkansas because their principal place of business is Bentonville, Arkansas. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. at 93 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities.").

16. Therefore, for the purpose of determining jurisdiction, Defendants were not—and are not—citizens of the State of California. Rather, Defendants were—and are—citizens of the States of Delaware and Arkansas.

17. "Doe" defendants fictitiously named, but not served, are not joined in this Notice of Removal and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

18. Accordingly, complete diversity exists between Plaintiff and Defendants.

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM**

19. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and remains satisfied by the facts set forth herein. 28 U.S.C. § 1332(a) ("[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sums or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

20. Defendants discuss the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Defendants deny that Plaintiff is entitled to any damages and deny that Plaintiff will be able to recover on any of her legal theories.

21. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgment-type evidence. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 908 (9th Cir. 2005); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

22. A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405–04 (9th Cir. 1997).

23. In her FAC, Plaintiff alleges the following causes of action: (1) violation of California Family Rights Act (Gov't. Code § 12945.2(a)) - discrimination; (2) violation of California Family Rights Act (Gov't. Code § 12945.2) - interference; (3) violation of California Fair Employment and Housing Act (Gov't. Code § 12940) - retaliation; (4) violation of California Fair Employment and Housing Act (Gov't. Code § 12940 (a)) - disability discrimination; (5) violation of California Fair Employment and Housing Act (Gov't. Code § 12940(m)) - failure to accommodate; (6) violation of California Fair Employment and Housing Act (Gov't. Code § 12940(n)) - failure to engage in the interactive process; (7) violation of California Fair Employment and Housing Act (Gov't. Code § 12940(h)) - retaliation; (8) wrongful termination; (9) violation of California Fair Employment and Housing Act (Gov't. Code § 12940(k)) - failure to prevent discrimination and retaliation; (10) meal and rest break violations (Cal. Labor Code § 226.7); (11) failure to pay all compensation at termination and waiting time penalties (Cal. Labor Code §§ 201 and 203); (12) unlawful business practices (Cal. Bus. Profs. Code § 17200, *et seq.*); (13) failure to provide records (Cal. Labor Code § 226(f)); and (14) failure to provide employment records (Cal. Labor Code §1198.5). (Petersen Decl., ¶ 2, Exh. A.)

### 1. **The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to Which Plaintiff Would be Entitled if She Prevails**

24. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations and citations omitted).

25. In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant").

26. Further, as instructed by the Ninth Circuit in *Chavez*, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15; *see e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

27. Here, Plaintiff seeks: (1) "special damages"; (2) "general damages"; (3) "exemplary damages, sufficient to punish and make an example of Defendants . . ."; (4) "pre- and post-judgment interest"; (5) "premium pay" pursuant to Labor Code § 226.7 and IWC Wage Order 4-2001; (6) "penalties . . . in an amount equal to her daily wage times thirty days" pursuant to Labor Code § 203; (7) "restitution"; (8) "a civil penalty in the amount of $750" pursuant to Labor Code § 226(f); (9) "a civil penalty in the amount of $750" pursuant to Labor Code § 1198.5(k); (10) "attorneys' fees"; (11) "costs of suit" incurred; and (12) "other relief the Court may deem just and proper." (Petersen Decl., ¶ 2, Exh. A, Prayer for Relief.)

### 2. **Lost Wages**

28. Defendants have a reasonable, good faith belief that Plaintiff seeks damages in excess of the $75,000 jurisdictional requirement. Plaintiff seeks damages associated with "general damages" which "includes lost wages, lost benefits, loss of promotional opportunity, and other compensatory damages." (Petersen Decl., ¶ 2, Exh. A, FAC ¶¶ 19,

29, 43, 52, 62, 69, 75, 79, 99, Prayer for Relief ¶ 2.)

29. At the time of her separation of employment, Plaintiff's hourly rate was $21.00. (Declaration of Kerri Tran ("Tran Decl."), ¶ 3.) Plaintiff regularly worked 40 hours a week. (*Id*.) Plaintiff was thus scheduled to earn approximately $3,640 per month.[1]

30. Under a conservative estimate, any judgment in this case will likely be rendered no earlier than July 2024, or 23.5 months from the date of filing.[2] Therefore, based on the time between Plaintiff's separation of employment and her estimated trial date, if Plaintiff is successful in her claims against Defendants, she could be entitled to approximately two years of back pay, plus another two years of front pay by the time of trial for a total of **$171,360** in economic damages ($21.00 x 40 hours x 204 weeks). (Tran Decl., ¶ 3.) These damages alone exceed the requisite jurisdictional amount.

### 3. Emotional Distress Damages

31. Plaintiff also seeks special damages associated with "humiliation, emotional and mental distress, anxiety and stress." (Petersen Decl., ¶ 2, Exh. A, FAC ¶¶ 20, 30, 36, 43, 52, 53, 63, 69, 75, 80.)

32. Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. Importantly, "a defendant does not need to show that cases are factually similar [but rather] **only that the cases are 'analogous,' which [courts have] interpret[ed] to mean involving the same cause of action**." *Saldana v. Home Depot USA, Inc.*, 2016 U.S. Dist. LEXIS 80064, at *9 (E.D. Cal. June 20, 2016) (emphasis added); *Simmons v. PCR Tech*., 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involved distinguishable facts is not dispositive . . . [because] the jury verdicts in [the cited] cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

---

[1] ($21.00 per hour x 40 hours per week x 52 weeks) / 12 months = $3,640.00.
[2] Pursuant to 28 U.S.C. § 604(a)(2), the Federal Court Management Statistics, March 2022, indicates that in the Central District of California, the median time from filing a civil action in federal court to trial is 23.5 months. (Petersen Decl., ¶ 8; *see also* Defendants' Request for Judicial Notice ¶ 9, Exh. 9.) Defendants request that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

33. Defendants vigorously deny Plaintiff's allegations. However, if Plaintiff were to prevail, an award for emotional damages alone could exceed the $75,000 jurisdictional minimum. *See e.g.*, Defendants' Request for Judicial Notice ("RJN"), Exh. 1, *Eun Joo Ko v. Square Grp., LLC dba The Square Supermarket*, Case No. BC487739 (Cal. Super. Ct. June 16, 2014) (**$125,000** in emotional distress damages for wrongful termination); RJN, Exh. 2, *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (jury verdict of **$250,000** for pain and suffering in discrimination case); RJN, Exh. 3, *Kolas v. Access Bus. Grp. LLC*, Case No. BC364232 (Cal. Super. Jan. 14, 2008) (**$200,000** in emotional distress damages for wrongful termination claim); RJN, Exh. 4, *Kimberly Landis v. Pinkertons, Inc.,* 122 Cal.App.4th 985, 988 (2004) (**$275,000** emotional distress damages awarded in wrongful termination case).

### 4. Punitive Damages

34. Plaintiff further alleges that Defendants' conduct was "intentional, willful and malicious and done in conscious disregard of Plaintiff's rights, safety and wellbeing with the intent to vex, injure and annoy Plaintiff." (Petersen Decl., ¶ 2, Exh. A, FAC ¶¶ 20, 31, 36, 43, 55, 64, 69, 75, 80, Prayer for Relief.) Although Defendants vigorously deny Plaintiff's allegations, and certainly deny that an award of punitive damages would be appropriate, Plaintiff's request for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.,* 825 F.Supp.2d 1005, 1008 (E.D. Cal. 2011).

35. To establish the amount in controversy, particularly with respect to punitive damages, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons*, 209 F.Supp.2d at 1033; *Kroske*, 432 F.3d at 980. Notably, the facts of "comparator cases" relied upon by a removing defendant do not require identical facts and need not quantify an exact value of damages. *See Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *3 (C.D. Cal. 2018) ("Overall, district courts appear to require only "analogous" or even "similar" exampled, not identical cases."); *Castillo v. ABM Indus., Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. 2017 (same); *Castle v. Lab. Corp. of Am.*, 2017 WL 2111591, at *4 (C.D.

Cal. 2017) (same).

36.     Therefore, here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages.  (*See* RJN, Exh. 5, *Navarro v. 4Earth Farms, Inc. et al.*, 2019 Cal.App.Unpub. LEXIS 986, at *11 (2019) (award of **$100,000** in punitive damages in wrongful termination case); RJN, Exh. 6, *Tapia v. San Gabriel Transit, Inc.*, Case No. BC482433 (Cal. Super. Ct. Nov. 16, 2015) (awarding **$400,000** in punitive damages in wrongful termination case).

### 5.     Attorneys' Fees

37.     Plaintiff also seeks attorneys' fees pursuant to California Gov't. Code § 12965(b) and California Labor Code §§ 203, 1198.5, 218.5, 218.6, and 226(e), (f), (h).  (Petersen Decl., ¶ 2, Exh. A, FAC ¶ 37, 44, 54, 63, 70, 81, 91, 99, Prayer for Relief.)

38.     It is appropriate to consider post-removal attorneys' fees in calculating the amount in controversy.  *See Chavez*, 88 F.3d at 417; *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018).

39.     Here, Defendants' counsel reasonably estimates that attorneys' fees alone will exceed the sum of $75,000 through trial, if Plaintiff were to prevail.  (Petersen Decl., ¶ 7.)  Defendants' attorney, Clarisse C. Petersen, has practiced employment litigation for approximately 15 years in California and is familiar with fees awarded to plaintiffs' attorneys in similar actions filed in California and federal court.  (*Id.*)  Based on Ms. Petersen's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial.  (*Id.*; *see also e.g.*, RJN, Exh. 7, *Lave v. Charter Comms. LLC*, 2020 Cal.App.Unpub. LEXIS 8483, at *1, *8, *27, *32 (2020) (plaintiff awarded **$400,800** in attorneys' fees for wrongful termination); RJN, Exh. 8, *Perry v. eGumball, Inc.*, Case No. 30-2013-00692868-CU-WT-CJC (Cal. Super. Ct. Jun. 18, 2015) (ordering payment of reasonable attorney fees, with the plaintiff's counsel claiming fees in excess of **$1 million**).

40. Accordingly, Plaintiff's demand for lost wage damages, emotional distress damages, punitive damages, and attorneys' fees combined show that the amount "at stake" easily exceeds the $75,000 jurisdictional threshold. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

41. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendants to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## IV. VENUE

42. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the State Court Action was filed in this District and division, thereby embracing the place where this action is pending.

## V. NOTICE TO COURT AND PARTIES

43. Along with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Kern.

44. This Notice of Removal is signed by Defendants' counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

///
///
///
///
///
///
///
///

## VI. CONCLUSION

45. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. sections 1332 and 1441.

46. Defendants, therefore, may remove the State Court Action to this Court pursuant to 28 U.S.C. section 1441. Defendants respectfully request that this Court exercise its removal jurisdiction over this entire action under 28 U.S.C. sections 1332 and 1441.

Dated: September 26, 2022                    JACKSON LEWIS P.C.

By: _____
Guillermo A. Escobedo
Clarisse C. Petersen
Raina Sharma
Attorneys for Defendants WAL-MART ASSOCIATES, INC. and WALMART INC.