UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ALBORNOZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>    Defendants. | Case No. 1:22-cv-01229-JLT-CDB<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER TO RESOLVE DISCOVERY DISPUTES<br><br>(Docs. 38-39) |

Case management dates governing discovery, pretrial motion and trial in this action were set by scheduling order entered December 1, 2022. (Doc. 25). Among other things, the scheduling order required all nonexpert discovery to be completed by June 20, 2023. The scheduling order cautioned the parties that case management dates were considered "firm" and not subject to adjustment absent an application by one or both parties with supporting affidavits or declarations demonstrating good cause for any requested extension. (*Id.* at p.7).

Consistent with the scheduling order, on May 16, 2023, the parties timely filed a joint mid-discovery status conference report. (Doc. 38). In that report, Defendants expressed their position that "all dates should be pushed out 120 days." Recently substituted counsel for Defendants acknowledged in the report ongoing efforts by Defendants to respond to Plaintiff's long-outstanding discovery demands. Counsel for Defendants represented in the report that the parties intended to proceed to mediation with an agreed-upon mediator on August 4, 2023, and that

extending discovery in the manner suggested would avoid "frustrat[ing] settlement efforts and wast[ing] resources." (*Id*. at p.4).

During the mid-discovery status conference convened via Zoom videoconference on May 23, 2023 (Doc. 39), the Court confirmed its suspicions derived from the joint report that prior counsel for Defendants during their tenure (through substitution on April 26, 2023) were less than diligent in connection with discovery. Thus, during their tenure over the first approximately five months of nonexpert discovery, former counsel for Defendants propounded no written discovery and, based on counsel for Plaintiff's representations both in the joint report and during the conference, responded less than fulsomely in connection with Plaintiff's discovery demands.

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted).

While the Court acknowledges the challenges associated with substituting-in during the final stages of nonexpert discovery, the Court also is mindful that Defendants' discovery performance to date has and is prejudicing Plaintiff – including in connection with counsel's efforts to prepare for multiple depositions without the benefit of comprehensive discovery responses to which Plaintiff is entitled. This Court agrees with newly substituted counsel for Defendants' assertion during the mid-discovery status conference that his clients should not necessarily bear the consequences of former counsel's seeming lack of diligence; however, it is the parties themselves that "ultimately [are] responsible for the acts and omissions of the representatives [they] voluntarily choose []; [they] cannot now avoid their consequences." *Yeager v. Yeager*, No. 2:06-cv-001196-JAM-EFB, 2009 WL 1159175, *2 (E.D. Cal. Apr. 29, 2009) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts

or omissions of this freely selected agent.")). *Accord Johnson v. Merck & Co., Inc.,* No. 2:20-cv-00138-KJM-DB, 2022 WL 229860, *6 (E.D. Cal. Jan 26, 2022).

The Court currently does not have before it any properly noticed request consistent with the scheduling order to extend any case management dates.  Although the Court does not presently perceive that good cause exists to extend dates, the Court shall order the parties to meet and confer regarding discovery and any mutually-agreeable extension and directs the parties to file a report – with or without a stipulated request for extension – as set forth below.

Accordingly, IT IS HEREBY ORDERED:

1. On or before May 24, 2023, Plaintiff shall transmit to Defendants a list of previously served discovery demands for which she believes Defendants' responses either are outstanding or deficient.

2. On or before May 31, 2023, Defendants shall respond to Plaintiff's list described above.

3. On or before June 1, 2023, the parties shall meet and confer to determine whether they are in mutual agreement to seek a 60-day extension of all case management dates.  Any forthcoming stipulation or application seeking such an extension shall be supported by affidavits or declarations in which the parties demonstrate good cause through reasonable diligence in connection with past and ongoing discovery activities.

IT IS SO ORDERED.

Dated:   **May 23, 2023**                                                              _____
UNITED STATES MAGISTRATE JUDGE