UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA E. ALBORNOZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART ASSOCIATES, INC., et al,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01229-JLT-CDB<br><br>ORDER ON STIPULATION TO AMEND SCHEDULING ORDER<br><br>(Doc. 41) |

　　　　On May 23, 2023, following a mid-discovery status conference, the Court ordered the parties to meet and confer to resolve their outstanding discovery disputes, including by discussing whether they are in mutual agreement to seek a 60-day extension of all case management dates. (Docs. 39, 40).  In addition, the Court reminded the parties (consistent with the Scheduling Order, *see* Doc. 25 p. 7) that "[a]ny forthcoming stipulation or application seeking such an extension shall be supported by affidavits or declarations in which the parties demonstrate good cause through reasonable diligence with past and ongoing discovery activities."  (Doc. 40 p. 3).

　　　　The parties filed a stipulation to extend case management deadlines on June 5, 2023. (Doc. 41).  The parties seek a 60-day extension of all outstanding discovery deadlines. Notwithstanding the Court's earlier admonition, the stipulation is unaccompanied by any affidavits or sworn declarations, and instead attempts to make a showing of good cause via unsworn declarations.

Counsel for Plaintiff represents that several material documents presently are missing from Defendants' production, thereby handicapping Plaintiff without enough time to properly conduct her scheduled depositions. *Id*. at 2. Defendants' new counsel has agreed to supplement discovery responses on June 9, 2023, which is just a few days before Plaintiff's scheduled depositions set for June 12, 13, 15, and 16, 2023. *Id*.

In addition, counsel for the parties represent that the 60-day extension would serve the interests of judicial economy and an amicable resolution of this matter because they plan to attend a mediation session on August 4, 2023 and represent that the extension would assist them by allowing them to focus on their upcoming mediation efforts.

The pretrial scheduling order can only be modified "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. at 609. If the party that seeks modification was not diligent, then the motion to modify should not be granted. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002).

As the Court previously acknowledged, Plaintiff has suffered prejudice from Defendants' unsatisfactory discovery performance. (Doc. 40 p. 2). Here, Plaintiff's request for a 60-day extension serves both to ameliorate the prejudice she has incurred and to enable the parties to balance both completion of discovery and pursuing private mediation as reported. While at this juncture the Court finds that those reasons constitute good cause to grant the modest extension sought, the Court advises the parties that efforts undertaken to pursue settlement will not justify further extensions of case management dates. Accordingly, the parties are encouraged to diligently attend to and complete discovery within the time remaining and to not permit settlement efforts to detract from meeting the case management deadlines.

Accordingly, based on the parties' representations in the stipulation and for good cause shown, IT IS HEREBY ORDERED that the scheduling order be amended as follows:

| **Deadline** | **Current** | **Amended** |
|---|---|---|
| Fact Discovery cut off: | 06/20/2023 | 08/19/2023 |

| | | |
|---|---|---|
| Expert Disclosure: | 07/10/2023 | 09/08/2023 |
| Supp. Expert Disclosure: | 07/24/2023 | 09/22/2023 |
| Expert Discovery Cut Off: | 08/23/2023 | 10/20/2023 |
| Non-Dispositive Motion Filing: | 09/06/2023 | 11/06/2023 |
| Non-Dispositive Motion Hearing: | 10/12/2023 | 12/11/2023 |
| Dispositive Motion Filing: | 10/27/2023 | 12/29/2023 |
| Dispositive Motion Hearing: | 12/05/2023 | 02/05/2024 |
| Pre-Trial Conference Date: | 02/05/2024 | 04/08/2024 at 1:30 p.m. |
| Trial: | 04/02/2024 | 6/04/2024 at 8:30 a.m. |

The parties are reminded that no further stipulations to amend the scheduling order will be considered absent accompanying declarations or affidavits that set forth good cause.

IT IS SO ORDERED.

Dated:   **June 6, 2023**

UNITED STATES MAGISTRATE JUDGE