UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA E. ALBORNOZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART ASSOCIATES, INC., et al,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01229-JLT-CDB<br><br>ORDER RE: DISCOVERY DISPUTE<br><br>(Docs. 43, 44, 45, 46) |

　　　　Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

　　　　This is an employment case in which Plaintiff Jessica E. Albornoz alleges she was unlawfully terminated by former employers Defendants Wal-Mart Associates, Inc., and Walmart Inc. (collectively, "Defendants") effective May 12, 2022. (First Amended Complaint ["FAC"], ¶¶ 8, 12; Doc 2 at Ex. A). Plaintiff initiated her action in California Superior Court, County of Kern, with the filing of a complaint on August 2, 2022, followed by the filing of the operative FAC some weeks later. (*Id.*). In the FAC, Plaintiff alleges that after working for Defendants for approximately six years, she was placed on intermittent medical leave in March and April 2022. Thereafter, on May 16, 2022, she received notice from Defendants of her termination. (*Id.* at ¶¶

8-12).  Defendants removed the case to this Court on September 27, 2022.  (Doc. 1).

During the mid-discovery status conference convened via Zoom videoconference on May 23, 2023 (Doc. 39), the Court concluded that Defendants' prior counsel had proceeded less than diligently in connection with discovery during counsel's representation of Defendants over the first approximately five months of nonexpert discovery.  (Docs. 39, 40).  Ultimately, numerous actual or perceived discovery deficiencies on the part of Defendants prompted the parties to seek – and the Court to grant – a 60-day extension of all case management dates.  (Docs. 41, 42).  Nevertheless, on June 26, 2023, counsel for Plaintiff contacted the Court to report that the parties' good faith efforts to resolve an unidentified discovery dispute had been unsuccessful and that counsel for both parties requested a hearing to address the dispute.  (Doc. 43).  Accordingly, the Court ordered the parties to appear for an informal discovery dispute conference on July 6, 2023, and to file brief position papers addressing the discovery dispute(s) in advance.  (Doc. 43).  The parties timely filed responsive letter briefs.  (Docs. 44, 45).

On July 6, 2023, the Court held a discovery dispute conference via Zoom video conference.  (Doc. 46).  Alisa Goukasian appeared on behalf of Plaintiff.  James T. Conley appeared on behalf of Defendants.  At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the dispute.

**Governing Legal Standard**

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in evidence to be discoverable.  *Id*.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action." Fed. R. Evid. 401.

Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Oppenheimer Fund, Inc*., 437 U.S. at 351).

Under Rule 34, a party may request production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). As firmly established, "[c]ontrol is defined as the legal right to obtain documents upon demand." *In re Citric Acid Litig*., 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). "A party cannot be compelled to produce (or search for) documents in a non-party's possession if the holder 'could legally—and without breaching any contract—continue to refuse to turn over such documents' to the party from whom discovery is being requested." *Driscoll's, Inc. v. Cal. Berry Cultivars*, LLC, No. 2:19-cv-00493-TLN-CKD, 2022 WL 3348019, *3 (E.D. Cal. Aug. 12, 2022) (quoting *In re Citric Acid Litig*., 191 F.3d at 1108). In other words, a contract between a party in litigation and a third-party vendor "that provides a legal right to access a third party's documents gives a party 'control' over such records." *Lofton v. Verizon Wireless (Wav) LLC*, 2014 WL 10965261, *2 (N.D. Cal. Nov. 25, 2014) (citation omitted). *Accord Henderson v. United Student Aid Funds, Inc*., 2015 WL 4742346, *5-6 (S.D. Cal. July 28, 2015) (citing cases); *Hayles v. Wheatherford*, No. 2:09-cv-3061 JFM (PC), 2010 WL 4739484, *1-2 (E.D. Cal. Nov. 16, 2010) (citing cases); *Rosie D. v. Romney*, 256 F.Supp.2d 115, 119 (D. Mass. 2003) ("[d]efendants have the right to control and obtain the documents that are in the possession of the various non-defendant agencies" when contractual provisions provide the defendant the right to examine and copy information from subcontractors).

**Analysis and Ruling**

Plaintiff asserts that Defendants have withheld from production certain training/instructional videos and similar materials pertaining to Defendants' medical leave and related policies that Plaintiff became aware of from the appearance of associated hyperlinks in

3

other documents produced by Defendants. Defendants respond, first, that such "cross-referenced documents are not responsive to [Plaintiff's] initial requests" for production (Doc. 45 at 3), and second, that the videos are not in Defendants' control, but rather, in the possession and custody of a third-party vendor – Sedgwick.

Mindful of the "possession, custody, or control" standard under Rule 34 and the Court of Appeals' decision in *In re Citric Acid Litig.* (*supra*), during the conference, the Court attempted to explore with counsel for Defendants the nature of the contracts or agreements between Defendants and Sedgwick to determine whether, under those agreements: (1) Defendants are entitled to access, download and/or save the videos and materials; (2) the videos and materials are the "property" of Defendants; (3) Sedgwick is required to cooperate with Defendants in connection with litigation relating to the subject matter of the agreements; (4) Defendants have the legal right to obtain the videos and materials on demand.  Counsel for Defendants was not familiar with the relevant contracts and agreements and was unable to respond to the Court's inquiries.

The fact that materials otherwise responsive to discovery requests merely are "cross-referenced" or otherwise identified with hyperlinks in produced documents is not determinative of whether such materials are in the producing party's "custody," and, thus, discoverable. Whether or not Defendants properly can maintain that the requested training/instructional videos and other materials are not discoverable because they are not subject to Defendants' "control" depends largely on what the contracts and agreements between Defendants and Sedgwick say. Accordingly, the Court will order Defendants by a date certain either to (1) produce to the Court the relevant contracts and agreements for *in camera* review and a determination whether, under those contracts/agreement, the subject videos and other materials are within Defendants' "control" under the Court of Appeals' *In re Citric Acid Litig.* test (discussed *supra*), or (2) produce the materials to Plaintiff.

During the conference, it became apparent that Defendants separately object to producing the specific training/instructional videos and other materials due to the informal form of Plaintiff's apparently recent request for the subject videos and materials. While the Court would

prefer for the parties to informally resolve without Court intervention any formatting issues that are inhibiting fulsome responses to discovery requests, Plaintiff committed during the conference to transmitting a supplemental request for production that specifically identifies the requested materials.[1]

Finally, as to all other documents that Plaintiff asserts both in her letter brief (Doc. 44) and during the conference that Defendants allegedly have withheld notwithstanding Plaintiff's request for production, Defendants represented during the conference that as to Plaintiff's specific requests for production identified (Nos. 10, 15, 16, 18, 20, 24, 25, 48, 61, and 65), Defendants have not withheld any responsive documents.

**Conclusion and Order**

For the foregoing reasons and based on the discussion had during the informal discovery dispute conference, it is HEREBY ORDERED:

1. No later than July 14, 2023, Defendants shall produce to the Court by email (CDBorders@caed.uscourts.gov) the relevant contracts and agreements between Defendants and Sedgwick for *in camera* review and a determination whether, under those contracts/agreement, the subject videos and other materials are within Defendants' "control" and, thus, subject to production. "Relevant contracts and agreements" is defined for the purposes of this Order as those that bear on any of the four questions the Court presented to counsel for Defendants during the conference and identified above (*see* p. 4).

*Remainder of This Page Intentionally Left Blank*

---

[1] During the conference, counsel for Defendants appeared to argue that many or all of the videos and materials are irrelevant because a deponent recently attested he had never seen them. But that is not the standard for relevance. *See supra*, p. 3. Given the nature of this suit and the FAC's allegations, the Court is skeptical any challenge by Defendants that the subject materials as described in the parties' filings (Docs. 44, 45) are not responsive to Plaintiff's requests for production because they are irrelevant could succeed.

5

2. In the alternative, if, by July 14, 2023, Plaintiff has received copies of the Sedgwick-related materials either in response to Plaintiff's third-party subpoena or from Defendants, Defendants may comply with this Order with a joint filing in which the parties represent that the identified materials have been produced.

IT IS SO ORDERED.

Dated: **July 6, 2023**

UNITED STATES MAGISTRATE JUDGE