UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA E. ALBORNOZ,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., et al,<br><br>Defendants. | Case No. 1:22-cv-01229-JLT-CDB<br><br>ORDER RE: EX PARTE *IN CAMERA* REVIEW OF DOCUMENTS<br><br>(Doc. 47)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE DOCUMENTS UNDER SEAL |

On July 6, 2023, in connection with its resolution of a discovery dispute that the parties agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure, the Court ordered Defendants to produce to the Court contracts and agreements between Defendants and Sedgwick for *in camera* review. (Doc. 47). The purpose of the review was to enable the Court to make a determination whether, under those contracts/agreements, certain videos and other materials that were the subject of the discovery dispute are within Defendants' "control" and, thus, subject to production.

On July 13, 2023, counsel for Defendants lodged with the Court (1) an agreement entered into between Sedgwick and Walmart Inc. with two later-executed amendments, (2) an email dated April 19, 2022 with embedded links to three videos (Bates-numbered "WM-

ALBORNOZ0000790"), and (3) an email from counsel for Defendants to counsel for Plaintiff dated July 13, 2023, that included hyperlinks to what appears to be the same three videos identified in the April 19, 2022 email noted above.

Under Rule 34, a party may request production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  As firmly established, "[c]ontrol is defined as the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)).  "A party cannot be compelled to produce (or search for) documents in a non-party's possession if the holder 'could legally—and without breaching any contract—continue to refuse to turn over such documents' to the party from whom discovery is being requested." *Driscoll's, Inc. v. Cal. Berry Cultivars*, LLC, No. 2:19-cv-00493-TLN-CKD, 2022 WL 3348019, *3 (E.D. Cal. Aug. 12, 2022) (quoting *In re Citric Acid Litig.*, 191 F.3d at 1108).  In other words, a contract between a party in litigation and a third-party vendor "that provides a legal right to access a third party's documents gives a party 'control' over such records." *Lofton v. Verizon Wireless (Wav) LLC*, 2014 WL 10965261, *2 (N.D. Cal. Nov. 25, 2014) (citation omitted).  *Accord Henderson v. United Student Aid Funds, Inc.*, 2015 WL 4742346, *5-6 (S.D. Cal. July 28, 2015) (citing cases); *Hayles v. Wheatherford*, No. 2:09-cv-3061 JFM (PC), 2010 WL 4739484, *1-2 (E.D. Cal. Nov. 16, 2010) (citing cases); *Rosie D. v. Romney*, 256 F.Supp.2d 115, 119 (D. Mass. 2003) ("[d]efendants have the right to control and obtain the documents that are in the possession of the various non-defendant agencies" when contractual provisions provide the defendant the right to examine and copy information from subcontractors).

Here, the Court has reviewed the contracts/agreements submitted ex parte by Defendants for *in camera* inspection and concludes those contracts/agreements do not provide Defendants a legal right to access Sedgwick's videos.  Thus, under the contracts, Defendants do not have "control" over the videos pursuant to Fed. R. Civ. P. 34(a)(1).

The Court notes that the disputed discoverability of the videos may have been resolved by the parties given counsel for Defendants' apparent provision of the videos to Plaintiff and Plaintiff's third-party subpoena to Sedgwick to obtain the videos.  Accordingly, the Court will

1  take no further action relating to the dispute.

2  The Court has reviewed the Defendants' submissions in light of the factors set forth in *Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that sealing those documents serves the compelling interest of protecting commercially sensitive information that no longer is relevant to this lawsuit. The Court further finds that, in the absence of closure, the compelling interests would be harmed. The Court further finds that there are no additional alternatives to sealing the documents that would adequately protect the compelling interests.

3  ACCORDINGLY, pursuant to Local Rule 141(b) IT IS HEREBY ORDERED that documents lodged with the Court via email from counsel for Defendants dated July 13, 2023, shall be SEALED until further order of this Court.

4  The Court will lodge the documents to be sealed with the Clerk of Court contemporaneously with the filing of this Order.

IT IS SO ORDERED.

Dated:  **July 21, 2023**

UNITED STATES MAGISTRATE JUDGE