UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA E. ALBORNOZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART ASSOCIATES, INC., et al,<br><br>　　　　Defendants. | Case No. 1:22-cv-01229-JLT-CDB<br><br>ORDER OF CLARIFICATION RE:<br>DISCOVERY DISPUTES<br><br>(Doc. 60) |

**Background**

On August 30, 2023, the Court entered an order (the "Order") resolving certain discovery disputes that the parties agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure. (Doc. 60). Thereafter, on September 5, 2023, counsel for Plaintiff contacted the Court to seek clarification of a discovery issue she indicated had been before the Court but not resolved in its Order. The Court invited the parties to exchange email briefs on the issue, which the parties' completed on September 6, 2023. A copy of the parties' email exchanges with the Court is attached hereto as Exhibit A.

**Discussion**

The underlying discovery dispute involves Plaintiff's complaint that Defendant impermissibly instructed a deponent to decline to answer Plaintiff's deposition question seeking

the deponent's email and cell phone numbers.  (Doc. 53 at 3).  Plaintiff separately complained that Defendant improperly instructed the deponent to decline to respond to Plaintiff's deposition questioning as to whether he attempted to retrieve certain call records.  *Id.*

At the outset of the informal discovery dispute conference, the parties mutually agreed to resolve one part of this dispute without Court intervention:  that Defendant would provide the deponent's contact information to Plaintiff.  (Doc. 60 at 2 & n.1).  With respect to Plaintiff's separate complaint concerning the deponent's search for call records, the Court ordered Defendant within 21 days of entry of the Order to produce to Plaintiff a signed and sworn declaration in which the deponent attests whether he searched for call records between him and Plaintiff during the relevant time period.  *Id.* at 6, 10.

Plaintiff now complains that the Court "did not rule on one key and highly substantial issue" – to wit, that Plaintiff was unable at the deposition to "inquire about any additional details" regarding the deponent's contact information following Defendant's refusal to provide his email and cell phone numbers, including "which specific number" he used when contacting Plaintiff. *See* Exhibit A.  But that issue *was not* before the Court in its resolution of the underlying discovery disputes.  *See generally* Doc. 53.  Moreover, at the outset of the informal discovery dispute conference, counsel for Plaintiff agreed that the dispute regarding the deponent's contact information had been resolved by mutual agreement with counsel for Defendant.  *See supra*.  If counsel was dissatisfied with the nature and scope of that mutual resolution, she should not have agreed to it and confirmed to the Court that the matter was resolved.  Further, the Court considers Defendant's response to Plaintiff's present challenge (*see* Exhibit A) as resolving any remaining uncertainty about the issue:  the deponent maintained only one phone number with which he could have contacted Plaintiff during their common period of employment, which number already had been and recently was again provided by Defendant to Plaintiff.

Plaintiff has not sought to reopen the subject deposition and has not brought forth good cause for any such reopening.  *See, e.g., Acosta v. Austin Elec. Servs. LLC*, No. CV-16-02737-PHX-ROS, 2018 WL 5722713, at *1 (D. Ariz. Nov. 1, 2018) (courts will not find good cause to reopen a deposition if the information could be obtained from some other source that is less

burdensome, the requesting party could have obtained the information through written discovery or the burden outweighs the likely benefit); *Bookhamer v. Sunbeam Products Inc.*, No. C 09-6027-EMC (DMR), 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012) (same). Since the information Plaintiff seeks already was disclosed through less burdensome means, the Court finds that even if Plaintiff sought to reopen the deposition, she would be unable to demonstrate good cause to grant her request.

IT IS SO ORDERED.

Dated:  **September 7, 2023**

UNITED STATES MAGISTRATE JUDGE

3

# EXHIBIT A

**From:** Rodriguez, Robert C. <robert.rodriguez@ogletree.com>
**Sent:** Wednesday, September 6, 2023 12:35 PM
**To:** Alisa Goukasian <alisa@goukasianlaw.com>; Susan Hall <SHall@caed.uscourts.gov>; 'Mark Lim' <mlim@shegerianlaw.com>
**Cc:** Johnson, Brittany M. <brittany.johnson@ogletreedeakins.com>; Conley, James T. <James.Conley@ogletreedeakins.com>
**Subject:** RE: Activity in Case 1:22-cv-01229-JLT-CDB Albornoz v. Wal-Mart Associates, Inc. et al Order on Informal Discovery Dispute Letter Brief.

**CAUTION - EXTERNAL:**

Hon. Baker:

Defendants have now provided Plaintiff with the only phone number Jason Salas had during Plaintiff's employment. Plaintiff was already in possession of this phone number, as she had texted with Mr. Salas during the relevant time period and she produced screenshots of those texts in discovery. As this is the only phone number Mr. Salas used during that time period, there is no good cause to reopen his deposition to pose the same question.

Respectfully,

**Robert C. Rodriguez | Ogletree Deakins**
500 Capitol Mall, Suite 2500 | Sacramento, CA 95814 | Telephone: 916-840-3292
robert.rodriguez@ogletree.com | www.ogletree.com | Bio

**From:** Alisa Goukasian <alisa@goukasianlaw.com>
**Sent:** Wednesday, September 6, 2023 11:06 AM
**To:** 'Susan Hall' <SHall@caed.uscourts.gov>; 'Mark Lim' <mlim@shegerianlaw.com>
**Cc:** Rodriguez, Robert C. <robert.rodriguez@ogletreedeakins.com>; Johnson, Brittany M. <brittany.johnson@ogletreedeakins.com>; Conley, James T. <James.Conley@ogletreedeakins.com>
**Subject:** RE: Activity in Case 1:22-cv-01229-JLT-CDB Albornoz v. Wal-Mart Associates, Inc. et al Order on Informal Discovery Dispute Letter Brief.

[Caution: Email received from external source]

Hon. Baker:

In accordance with Walmart's policies and procedures, the Plaintiff's supervisor, Jason Salas, was obligated to make an effort to contact the Plaintiff during her medical leave and has testified that he indeed attempted to reach out to the Plaintiff on her cell phone as required. However, the Plaintiff was not allowed to request Mr. Salas' telephone number during his deposition or inquire about any additional details due to privacy concerns. Although the Defendants have agreed to provide Mr. Salas' phone number (though they have not done so thus far), the Plaintiff was still unable to pose follow-up questions or ascertain which specific number Mr. Salas used when contacting her.

---

**From:** Alisa Goukasian <alisa@goukasianlaw.com>
**Sent:** Tuesday, September 5, 2023 1:00 PM
**To:** Susan Hall <SHall@caed.uscourts.gov>; 'Mark Lim' <mlim@shegerianlaw.com>
**Cc:** 'Rodriguez, Robert C.' <robert.rodriguez@ogletreedeakins.com>; 'Johnson, Brittany M.' <brittany.johnson@ogletreedeakins.com>; 'Conley, James T.' <James.Conley@ogletreedeakins.com>
**Subject:** FW: Activity in Case 1:22-cv-01229-JLT-CDB Albornoz v. Wal-Mart Associates, Inc. et al Order on Informal Discovery Dispute Letter Brief.

**CAUTION - EXTERNAL:**

Dear Ms. Hall,
If the Court did not rule on one key and highly substantial issue with respect to the informal discovery, how may I bring it up to the Court?
May I submit additional information and allow opposing counsel to respond?
Please advise. Thank you in advance..

**From:** caed_cmecf_helpdesk@caed.uscourts.gov [mailto:caed_cmecf_helpdesk@caed.uscourts.gov]
**Sent:** Wednesday, August 30, 2023 3:33 PM
**To:** CourtMail@caed.uscourts.gov
**Subject:** Activity in Case 1:22-cv-01229-JLT-CDB Albornoz v. Wal-Mart Associates, Inc. et al Order on Informal Discovery Dispute Letter Brief.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** There is no charge for viewing opinions.

U.S. District Court

Eastern District of California - Live System

**Notice of Electronic Filing**

The following transaction was entered on 8/30/2023 at 3:32 PM PDT and filed on 8/30/2023
**Case Name:**     Albornoz v. Wal-Mart Associates, Inc. et al
**Case Number:**   1:22-cv-01229-JLT-CDB
**Filer:**
**Document Number:** 60

**Docket Text:**
**ORDER re: DISCOVERY DISPUTES [53], signed by Magistrate Judge Christopher D. Baker on 8/30/2023. (Hall, S)**

**1:22-cv-01229-JLT-CDB Notice has been electronically mailed to:**

Alisa Goukasian     Alisa@goukasianlaw.com

Carney R. Shegerian     cshegerian@shegerianlaw.com, calendarclerk@shegerianlaw.com, dgarcia@shegerianlaw.com, dhenderson@shegerianlaw.com, jcastro@shegerianlaw.com, mmadjidi@shegerianlaw.com, raguilar@shegerianlaw.com, rvargas@shegerianlaw.com

James Taylor Conley     james.conley@ogletreedeakins.com, elaine.blizzard@ogletree.com, erika.schmidt@ogletreedeakins.com, haidy.rivera@ogletree.com, maria.davis@ogletree.com, sacdocketing@ogletreedeakins.com, sarah.martinez@ogletreedeakins.com

Jill L. Schubert     jschubert@ogletree.com, erika.schmidt@ogletreedeakins.com, jill.schubert@ogletreedeakins.com, maria.davis@ogletree.com, sacdocketing@ogletree.com, sarah.martinez@ogletreedeakins.com

Mark Lim     mlim@shegerianlaw.com

Robert Campbell Rodriguez     robert.rodriguez@ogletree.com, maria.davis@ogletree.com, SACDocketing@ogletreedeakins.com

**1:22-cv-01229-JLT-CDB Electronically filed documents must be served conventionally by the filer to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=8/30/2023] [FileNumber=12616132-0] [4825a28eab1a87172ee0b173d7f000aa75d1ade4f430494ea747094b2d74f9e661 53555ea902fd4e8eba10dfe45ed55b7d7a9c1bc5de2880c7176403e65035f7]]

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*