UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA E. ALBORNOZ,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., et al,<br><br>Defendants. | Case No. 1:22-cv-01229-JLT-CDB<br><br>ORDER RE AMENDED SCHEDULING ORDER<br><br>(Docs. 65, 66) |

Pending before the Court is the request of Defendants Wal-Mar Associates, Inc. and Wal-Mart Inc. (Defendants) to modify the operative scheduling order and extend remaining expert discovery, motion filing and trial dates by approximately 90 days.[1] (Docs. 65, 66). Plaintiff Jessica E. Albornoz ("Plaintiff") opposes Defendants' request to the extent of extending trial dates. (Doc. 65 at 5). As the parties are familiar with the factual background and procedural posture of the case from the Court's prior orders addressing the parties' discovery disputes and requests to amend the scheduling order (*e.g.,* Docs. 40, 42, 47, 60), the Court references below only those facts essential to Defendants' pending request.

**Defendants' Request**

On August 21, 2023, the Court granted the parties' stipulated request to extend the

---

[1] The parties' dispute concerning case management dates was presented to the Court as a discovery dispute. (Doc. 64). Upon review of the parties' subsequently filed joint report, the Court concluded that the dispute did not require relief under the rules governing discovery and, thus, could be resolved without an informal discovery dispute hearing. (Doc. 67).

1    deadline to complete nonexpert discovery to October 3, 2023, and for in-kind adjustments to
2    expert discovery dates.  (Docs. 57, 58).  The parties agreed that an extension was warranted given
3    the unanticipated unavailability of nonparty witness Angie Carreles to appear for deposition
4    before the then-deadline to complete nonexpert discovery. In addition, the parties represented an
5    extension was necessary because they were unable to timely complete the deposition of Plaintiff
6    due to her development of medical issues some hours after her deposition commenced on August
7    15, 2023.  *Id.*
8        Following entry of the Court's order modifying the scheduling order, the parties agreed to
9    proceed with Plaintiff's deposition on September 27, 2023.  (Doc. 65 at 2; Doc. 66 at 2).
10   However, on that date, approximately 90 minutes prior to the commencement of the deposition,
11   counsel for Plaintiff notified counsel for Defendants that Plaintiff was unable to proceed with the
12   deposition due to suffering a severe cold and migraine.  (Doc. 66 at 2 & Ex. A).  Counsel for
13   Plaintiff informed counsel for Defendants that Plaintiff would be available for deposition in two
14   weeks and requested that counsel for Defendants offer dates for rescheduling.  *Id.*
15       Counsel for Plaintiff represents that counsel for Defendants did not respond to her initial
16   and subsequent requests to reschedule the deposition until approximately ten days later (October
17   6) when, instead of providing deposition dates, counsel for Defendants reported a "trial date
18   conflict" and requested a continuance of trial.  (Doc. 65 at 4-5).  The parties eventually agreed to
19   proceed with Plaintiff's continued deposition on November 16, 2023.
20       In their pending request, Defendants argue a 90-day extension of remaining expert
21   discovery, motion filing and trial dates is warranted because they have been unable to complete
22   Plaintiff's deposition before the expiration of nonexpert discovery.  Defendants further assert an
23   extension is warranted because they have delayed consideration of seeking to undertake an
24   independent medical examination (IME) of Plaintiff given their inability to complete Plaintiff's
25   deposition.  (Doc. 65 at 3).  Finally, Defendants assert they need an extension of the June 4, 2024
26   trial date because they anticipate being in an unrelated trial in state court commencing
27   approximately two weeks after trial of this action.  *Id.*
28       Plaintiff argues that she diligently attempted to coordinate with Defendants to reschedule

1  her deposition and Defendants were nonresponsive to her requests.  (Doc. 65 at 4-5).  She further
2  represents that she communicated to Defendants her willingness to stipulate to a one-month
3  extension of expert discovery dates, but not to continuing trial.  (Doc. 65 at 5).  Plaintiff disputes
4  the propriety of Defendants' delay in moving for her IME and argues that her emotional distress
5  damages always have been at issue and that discovery materials that Defendants refer to in their
6  joint filing does not support Defendants' characterization that Plaintiff's emotional distress-
7  related symptoms had resolved.  *Id.*

**Analysis**

The pretrial scheduling order can only be modified "upon a showing of good cause" and a case management date (such as a discovery deadline) may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).  If the party that seeks modification was not diligent, then the motion to modify should not be granted.  *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002).

**1.  A Discovery Extension is Warranted Due to Plaintiff's Incomplete Deposition**

The parties do not appear to dispute that some extension of the expert discovery deadlines is warranted in light of their inability to timely complete Plaintiff's deposition prior to the close of the extended period for taking nonexpert discovery.  (*See* Doc. 65 at 5) (noting counsel for Plaintiff's communication to Defendants shortly after the cancellation of Plaintiff's continued deposition that she did not oppose a one-month extension of expert discovery deadlines).

It is not clear to the Court why Defendants reportedly delayed for approximately two weeks after the cancellation of Plaintiff's continued deposition before responding to counsel for Plaintiff's request to reschedule the deposition.  (Doc. 65 at 4-5).  Defendants' diligence further is cast in doubt given that their first communication with Plaintiff after the cancelled deposition was to notify her that they intended to seek to continue the trial schedule (without addressing the rescheduling of her deposition, which only occurred several days later).  *Id.*

On balance, given that Plaintiff's deposition was suspended and her continued deposition was cancelled through no fault of Defendants, the Court finds that Defendants have exercised

sufficient diligence throughout discovery for the Court to find good cause to extend the expert discovery deadlines.  As the parties are aware (*see* Docs. 9-1, 22, 25), initial expert disclosures in this Court customarily are scheduled to occur one to two weeks following the close of nonexpert discovery, and expert discovery customarily closes 30 days after disclosure of rebuttal experts.  Accordingly, the Court shall modify the expert discovery deadlines to follow the date the parties represent Plaintiff's deposition will be completed (November 16, 2023).

**2. A Discovery Extension is Not Warranted to Possibly Facilitate an IME**

Defendants further assert an extension of case management dates is warranted because they have delayed consideration of undertaking an independent medical examination (IME) of Plaintiff given their inability to complete Plaintiff's deposition.  (Doc. 65 at 3).  Defendants imply that, depending on the results of Plaintiff's deposition, they may seek to conduct an IME after the deposition is completed.  *Id.*

Although there presently is no motion by Defendants before the Court to conduct an IME of Plaintiff pursuant to Rule 35, the Court doubts that any such motion would be timely.  The undersigned acknowledges that courts are divided on the issue of the deadline by which a requesting party must move for an IME pursuant to Rule 35.  As neither Rule 35 nor Rule 26 expressly sets forth a timeline, it is not surprising that courts' treatment of the question of when a motion for IME must be filed is "varying" and "inconsistent."  *See Diaz v. Con-Way Truckload, Inc.*, 270 F.R.D. 412, 416-17 (S.D. Tex. 2012) (collecting cases).  However, "[g]enerally such examinations, like all discovery, should be completed before any applicable discovery cutoff."  *Byrne v. Washington State Univ.*, No. CV-03-246-RHW, 2007 WL 5521246, at *1 (E.D. Wash. July 12, 2007) (quoting Wright *et al*., 8A Fed. Prac. & Proc. sec. 2234).

Here, the parties' first request to extend case management dates was prompted by Defendants' delayed production of documents and the parties' desire to pursue mediation.  (Docs. 41, 42).  The parties' second request to extend case management dates was prompted by obstacles the parties encountered in timely completing the depositions of Plaintiff and a nonparty witness. (Docs. 57, 58).  In neither of the parties' requests for discovery extensions did Defendants acknowledge or convey their only-recently reported contemplation of seeking to conduct an IME.

4

1   Thus, based on the parties' earlier request and representations in support of a modification of the
2   scheduling order, the Court granted an extension of nonexpert and expert discovery dates "for the
3   limited purpose of conducting the [aforementioned] depositions."  (Doc. 58 at 2).
4   　　　　The Court agrees with Plaintiff that "any request for an IME [] should have taken place
5   prior to the discovery deadline" because her "emotional distress damages were always at issue."
6   (Doc. 65 at 5).  As such, the prospect of Defendants' moving the Court to conduct an IME of
7   Plaintiff *after* the close of nonexpert discovery and *after* the existing date for disclosure of expert
8   witnesses does not demonstrate sufficient diligence or good cause for a further extension of case
9   management dates.
10  　　　　　　**3.  A Discovery Extension is Not Warranted Based on Trial Conflicts**
11  　　　　Defendants further argue that an extension of case management dates is warranted
12  because trial of this action is scheduled to commence on June 4, 2024, and counsel for
13  Defendants also are scheduled to commence an unrelated trial in Los Angeles Superior Court on
14  June 17, 2024 (the "State Court Action").  (Doc. 35 at 3).
15  　　　　At the parties' request filed on June 5, 2023, the Court extended all case management
16  dates by approximately 60 days, including the date to commence trial (reset to June 4, 2024).
17  (Docs. 41, 42).
18  　　　　According to the docket for the State Court Action, trial of that case originally was
19  scheduled to commence November 13, 2023.[2]  On some date *after* the parties in this action
20  requested and were granted a continuance of the trial date to June 4, 2024, Walmart similarly
21  requested a trial continuance in the State Court Action.  Following a hearing, on July 24, 2023,
22  trial of the State Court Action was continued to June 17, 2024.
23  　　　　Counsel for Defendants proffers no explanation as to why they first sought to continue the
24  trial date in this case to June 4, 2024, and weeks or more than one month later, moved the Los
25  Angeles Superior Court to continue trial of the State Court Action to a date two weeks after trial

---

[2] *See* "Online Services – Case Access," The Superior Court of California, County of Los Angeles, *available at* https://www.lacourt.org/casesummary/ui/index.aspx?casetype=civil (docket for Case No. 22STCV11423, last accessed Oct. 31, 2023).  *See also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (the Court may take judicial notice of court records).

of this action is to commence. Regardless, based on the chronology of Defendants' requests to continue the trial commencement dates in the two actions, the Court does not find that Defendants have demonstrated diligence or good cause by virtue of trial conflicts for any further extension of case management dates.

*     *     *     *     *

Given the Court's conclusion that good cause exists to extend the expert discovery deadlines – specifically, because of the parties' inability to timely complete Plaintiff's deposition – the Court is compelled by the scheduling requirements of the assigned district judge to order in-kind modifications of the remaining case management dates that follow. These modifications are premised on the parties' representations that Plaintiff's deposition will be completed by November 16, 2023.

Accordingly, for the forgoing reasons, IT IS HEREBY ORDERED that the scheduling order be amended as follows:

| **Deadline** | **Current** | **Amended** |
| --- | --- | --- |
| Expert Disclosure: | 10/23/2023 | 11/28/2023 |
| Supp. Expert Disclosure: | 11/6/2023 | 12/12/2023 |
| Expert Discovery Cut Off: | 12/4/2023 | 1/16/2024 |
| Non-Dispositive Motions: | passed due | |
| Dispositive Motion Filing: | 12/29/2023 | 2/13/2024 |
| Dispositive Motion Hearing: | 2/5/2024 | 3/26/2024 at 8:30 a.m. |
| Pre-Trial Conference Date: | 4/8/2024 | 5/20/2024 at 1:30 p.m. |
| Trial: | 6/4/2024 | 7/23/2024 at 8:30 a.m. |

IT IS SO ORDERED.

Dated: **October 31, 2023**                    _____
UNITED STATES MAGISTRATE JUDGE